# EXHIBIT A

STATE OF MINNESOTA                                   DISTRICT COURT

COUNTY OF DAKOTA                                     FIRST JUDICIAL DISTRICT

|  |  |
|---|---|
| Bradley R. Stayberg, | Case Type: Other Civil |
|  | Court File No.: _____ |
| Stayberg, |  |
| v. | **SUMMONS** |
| Dakota County, Kimberly L. Mays, Timothy P. Gonder, Jonathan R. Napper, Daniel M. Siebenaler, and Anthony Welin, |  |
| Defendants. |  |

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANT(S):

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota, 55401.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the

Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 2, 2017                                     AHLBERG LAW, PLLC

                                                        */s/ Ryan H. Ahlberg*
                                                        Ryan H. Ahlberg, Esq. (#386520)
                                                        Union Plaza Building, Suite 300
                                                        333 Washington Avenue North
                                                        Minneapolis, Minnesota 55401
                                                        (612) 900-2269
                                                        rahlberg@ahlberglaw.com
                                                        Attorney for Plaintiff


## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: June 2, 2017                                     */s/ Ryan H. Ahlberg*
                                                        Ryan H. Ahlberg, Esq. (#386520)

2

# EXHIBIT B

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |

Bradley R. Stayberg,

        Stayberg,

v.

Dakota County, Kimberly L. Mays,
Timothy P. Gonder, Jonathan R. Napper,
Daniel M. Siebenaler, and Anthony Welin,

        Defendants.

Case Type: Other Civil
Court File No.: _____

## COMPLAINT

Bradley R. Stayberg, as and for for his Complaint against the above-named Defendants, states and alleges as follows:

## PARTIES AND JURISDICTION

1. Bradley R. Stayberg (hereinafter, "Stayberg") is an individual residing in Dakota County, Minnesota.

2. Dakota County is county located in the State of Minnesota..

3. Kimberly L. Mays (hereinafter "Mays") is a natural person and was at all times relevant herein a deputy with the Dakota County Sheriff's Department, badge number 191.

1

4. Timothy P. Gonder (hereinafter "Gonder") is a natural person and was at all times relevant herein a deputy with the Dakota County Sheriff's Department, badge number 1144.

5. Jonathan R. Napper (hereinafter "Napper") is a natural person and was at all times relevant herein a deputy with the Dakota County Sheriff's Department, badge number 159.

6. Daniel M. Siebenaler (hereinafter "Siebenaler") is a natural person and was at all times relevant herein a deputy with the Dakota County Sheriff's Department, badge number 1169.

7. Anthony Welin (hereinafter "Welin") is a natural person and was at all times relevant herein a deputy with the Dakota County Sheriff's Department, badge number 193.

8. Jurisdiction is proper pursuant to 42 U.S.C. § 1983.

9. Stayberg herein is suing each and all defendants, to the extent applicable, in both their individual and official capacities.

## FACTUAL ALLEGATIONS

10. On December 10, 2013, Stayberg entered the Dakota County Judicial Center.

11. Upon entering, Stayberg walked up to the security checkpoint.

12. Stayberg removed his keys, wallet, and other personal belongings and placed them in a bin to be scanned.

13. Stayberg then said "Hello" to the attending officer, Wegner, who did not reply.

14. Stayberg walked through the metal detector at the security checkpoint and the machine did not beep to indicate the presence of any prohibited items.

15. Wegner then told Stayberg that he would have to take off his jacket and go through the metal detector for a second time.

16. Stayberg replied, "Yes, sir" to the instructions to pass through the metal detector a second time.

17. Stayberg complied with Wegner's requests by removing his jacket, placing it into a bin to be scanned, and walking through the metal detector once more, which again did not alert.

18. As Stayberg walked towards the end of the x-ray conveyor belt to collect his personal effects, Wegner mumbled an unintelligible statement under his breath.

19. Stayberg replied to Wegner, "It sounds like you're having a rough day."

20. Wegner once more mumbled an unintelligible statement under his breath.

21. As the bin containing Stayberg's possessions rolled out of the x-ray machine to the retrieval area and Stayberg began putting his personal items away, Stayberg said to Wegner, "If you don't like your job you can always find a new one. That's what I have to do."

22. Mays then approached and asked Stayberg, "What's the problem?"

23. At this point, Wegner replied to Stayberg, "No, I love my job."

3

24. Stayberg then collected his belongings and began to ascend the stairs to the second floor.

25. Mays then asked Wegner, "What's the problem?" as Stayberg was heading up the stairs.

26. Stayberg then responded under his breath, essentially to himself "This lady thinks she owns the place."

27. As a deputy sheriff equipped with the legal authority and power to affect an arrest, Mays made a decision *not* to arrest Stayberg for disorderly conduct while the conduct in question was occurring.

28. Similarly cloaked with the authority of the law, Deputy Wegner - who had verbally engaged with Stayberg and was the officer most familiar with the facts so as to make a determination of whether Stayberg's conduct constituted disorderly conduct - also made a decision *not* to arrest the Stayberg while the conduct in question was occurring.

29. Indeed, Stayberg was permitted to continue on his way. He was not asked to stop. He was not asked to put his hands behind his back. He was not told he was under arrest by either of the two armed on-duty deputy sheriffs.

30. Thus, Stayberg continued on his way and was walking south on the second floor hallway when four or five deputy sheriffs (believed to be the named Defendants) ran out of a courtroom that was directly across from the probation office.

31. Stayberg moved to the farthest left side of the hallway so that the running deputies did not collide into him.

32. The deputies did not recognize Stayberg in the hallway as they ran right past him, nor did they stop Stayberg at that point for supposed disorderly conduct on their way to attend to Deputy Mays' calls for assistance.

33. Stayberg then entered the probation office, signed in, and was asked by the attending employee at the desk whom he was there to see.

34. Stayberg replied that he was there to see Rob Witt. The employee responded "Ok" and the Stayberg sat down in the waiting room.

35. Two to four minutes later while Stayberg was seated in a waiting room with other visitors and causing no disturbance, the deputies who had run past the Stayberg in the second floor hallway entered the probation office room, "looking for the male to ask him about the incident and explain the procedures and expectations of the entrance process" (Incident Report of Deputy Timothy Gonder). That is, they were not there to make an arrest of the Stayberg.

36. The deputies then asked the Stayberg whether he had a "problem at the front." Stayberg replied that he had not had a problem.

37. Mays then approached Stayberg and said to the other deputies, "That's him."

38. The deputies asked Stayberg to stand.

39. As Stayberg began to stand, Stayberg replied under his breath somewhat to himself, "What a bunch of bullcrap."

40. One of the deputies told Stayberg *not* to stand up and then they surrounded Stayberg.

41. Stayberg asked the group of deputies, "Don't you think you're making a mountain out of a molehill?"

42. One of the responding deputies in the group stated, "Yea, mountain out of a molehill...".

43. Having successfully gone through the security checkpoint *twice*, at least one of the deputies was aware that Stayberg was unarmed and had been cleared to enter the building.

44. The group of four Dakota County Sheriff Deputies then tackled Stayberg. They slammed Stayberg into the chairs and the wall while grabbing his hands and arms. Stayberg was lying on the ground with four bodies atop his back, rendering him incapable of movement.

45. A deputy then told the Stayberg to put his hands behind his back. At this point, Stayberg had one hand behind his back but was incapable of removing the other hand from underneath the weight of five bodies (including Stayberg's).

46. Stayberg audibly stated to the deputies, "I can't move...all of you guys are on me!"

47. A deputy responded, "I'm going to Tase you!"

6

48. Stayberg then stated, "I am trying to comply but I can't move with all of you guys' weight on top of me. Please don't Tase me, I just had hernia surgery."

49. Gonder then Tased Stayberg with an X-26 Taser which hit Stayberg with a barb in his back and a barb in his hand, which was behind his back.

50. Besides Stayberg and the deputies named herein, there were no visual witnesses to the events that occurred in the waiting room, as the deputies had cleared the room of both employees and visitors upon their entry.

51. Stayberg was then placed in handcuffs, but not placed under arrest. Stayberg asked the deputies, "Why did you do that? I didn't do anything wrong."

52. A deputy responded, "Yea, sure…" to which Stayberg replied, "Fuck you. This is bullshit."

53. The deputies then took Stayberg to a holding room where they asked him questions without providing him with his *Miranda* warnings. Eventually Stayberg was *Mirandized* but he was not told why he was placed under arrest.

54. Stayberg asked the deputies to stop lifting up on the handcuffs because Stayberg had just had surgery. Deputies made the Stayberg lift up his shirt to show them his scar and then proceeded to take pictures of his stomach.

55. Stayberg was tended to by an EMT and subsequently released from custody to travel to the Regina Hospital emergency room to have one of the barbs removed,

as the responding EMTs could not extract it. Stayberg was told he would be mailed a citation.

56. While Stayberg was in a private clinical room and receiving care from a medical doctor, Gonder entered the room. Stayberg asked Gonder to leave but Gonder would not do so, explaining that he was there to collect the Taser barb for evidence. Stayberg again requested that Gonder leave the examination room. Gonder again refused.

57. At this point Stayberg once more told Gonder to leave the room and explained that he was no longer in police custody and felt that his privacy was being violated with Gonder's presence in the room.

58. Stayberg was mailed a citation for disorderly conduct and *not* resisting arrest, even though the deputies claimed that the very reason they needed to Tase Stayberg was because he was resisting arrest.

59. Stayberg has suffered damages as a result of Defendants' conduct, including but not limited to lingering pain, loss of feeling in his finger, pain in his back, pain in his ribs, economic loss, and mental anguish and suffering.

## CAUSE OF ACTION I
### Assault

60. Paragraphs 1 through 59 are incorporated herein by reference.

61. Defendants' wrongfully and unlawfully assaulted Plaintiff by threatening bodily harm to Plaintiff with the present ability to carry out the threat.

8

62. As a direct and/or proximate cause of the assault, Plaintiff has been damaged in excess of $50,000.00 to be proven with further specificity at trial.

## CAUSE OF ACTION II
### Battery

63. Paragraphs 1 through 62 are incorporated herein by reference.

64. Defendants wrongfully and unlawfully caused Plaintiff bodily harm.

65. As a direct and/or proximate cause of the battery, Plaintiff has been damaged in excess of $50,000.00 to be proven with further specificity at trial.

## CAUSE OF ACTION III
### Respondeat Superior

66. Paragraphs 1 through 65 are incorporated herein by reference.

67. The conduct of the individual Defendants was within the scope and authority of their employment with the Dakota County Sheriff's Department and Defendant Dakota County is vicariously liable for said conduct.

68. As a direct and/or proximate cause of the conduct described herein, Plaintiff has been damaged in excess of $50,000.00 to be proven with further specificity at trial.

## CAUSE OF ACTION IV
### Violation of 42 U.S.C. § 1983

69. Paragraphs 1 through 68 are incorporated herein by reference.

70. Defendants used excessive force towards the Plaintiff, as described herein.

71. These actions violated Plaintiff's rights to be free of excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States.

72. As a direct and/or proximate cause of the conduct described herein, Plaintiff has been damaged in excess of $50,000.00 to be proven with further specificity at trial.

**WHEREFORE**, Stayberg requests a **JURY TRIAL** on his claims and judgment against Defendants as follows:

1. As to Cause of Action I, for judgment in favor of Stayberg in an amount greater than $50,000.00 to be proved with further specificity at trial. Stayberg intends to move to amend his Complaint to assert a claim for punitive damages;

2. As to Cause of Action II, for judgment in favor of Stayberg in an amount greater than $50,000.00 to be proved with further specificity at trial. Stayberg intends to move to amend his Complaint to assert a claim for punitive damages;

3. As to Cause of Action III, for judgment in favor of Stayberg in an amount greater than $50,000.00 to be proved with further specificity at trial. Stayberg intends to move to amend his Complaint to assert a claim for punitive damages;

4. As to Cause of Action IV, for judgment in favor of Stayberg in an amount greater than $50,000.00 to be proved with further specificity at trial. Stayberg intends to move to amend his Complaint to assert a claim for punitive damages;

5. For Stayberg's costs, disbursements and attorney's fees incurred herein;

6. For such other and further relief as the Court deems just and equitable.

Dated: June 2, 2017                                  AHLBERG LAW, PLLC

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg, Esq. (#386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota 55401
(612) 900-2269
rahlberg@ahlberglaw.com
Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: June 2, 2017                                  */s/ Ryan H. Ahlberg*
                                                     Ryan H. Ahlberg, Esq. (#386520)